PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ GONZÁLEZ, Defendant and Appellant.

No. 2911. Argued November 29, 1926.—Decided December 7, 1926.

*José J. Aponte* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The information filed by the district attorney reads in part that "said José González, about the 4th of January,

1926, in the ward of Carite of Guayama, P. R., . . . . unlawfully and wilfully was carrying a knife, an instrument with which bodily injury could be caused.''

The case was tried on the evidence of both sides and the court, after overruling a demurrer filed by the defendant, convicted him of carrying a prohibited arm and sentenced him to forty-five days in jail.

González appealed to this court and alleges that in his opinion the district court erred both in overruling the demurrer and in weighing the evidence.

Appellant contends that the information was insufficient because it did not charge him with carrying a weapon not required by his trade, occupation or sport, citing the case of *People* v. *Soto*, 34 P.R.R. 277.

The opinion in the *Soto Case, supra,* shows on its face that it is not applicable to the present case in the sense meant by the appellant. A case in point is that of *People* v. *Rivera*, 35 P.R.R. 499, where it was held that it is not necessary to deny the exception contained in subdivision 1 of section 5 of Act No. 14 of 1924, by means of an express allegation in the information, but that it is a matter to be pleaded and proved by the defendant, or simply shown at the trial.

Therefore, the first and second assignments of error are without merit.

The evidence for the prosecution showed that the defendant ''had some words'' with José Rodríguez and drew a knife. Rodríguez said that the knife was not very large; that it had a steel blade about three and a half inches long, as he judged.

The evidence for the defense did not tend to show that the knife carried by González was not of itself a prohibited arm or that it was carried and used by the defendant solely by reason of his trade, occupation or sport (*People* v. *Soto, supra,*), but rather attempted to prove that the defendant was not carrying any knife, or any other weapon. Defendant

himself testified that "on that day," referring to the 4th of January, 1926, "a candle fell out of his pocket and on picking it up perhaps they took it for a knife. . . . That he was not carrying any weapon."

The trial court believed Rodríguez, but did not give any credence to the defendant's testimony, and the latter has not shown that in acting thus it was moved by passion, prejudice or partiality, or committed manifest error, and therefore its finding must stand.

In his brief the defendant insists that the evidence was deficient because the principal witness for The People did not state that the knife that defendant drew was more than three inches long. Such argument is not weighty because the length of the blade has no decisive importance in the present case, as it is not a case of a penknife or a pocket folding knife mentioned in subdivision 3 of section 5 of Act No. 14, 1924, but of a knife which, according to the dictionary, is a "steel instrument with an edge and having a handle of steel, wood or any substance" and not usually carried about; while a pocket-knife is an "instrument in the shape of a small razor for cutting pens" with which it is possible perhaps to cause bodily injury in unexpected circumstance, but whose multiple personal uses, entirely independent of offensive or defensive purposes, are the determining factors for usually carrying it.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.